[Cite as *State v. Young*, 2022-Ohio-799.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

               No. 109639

        v.                      :

ISAIAH YOUNG,                           :

    Defendant-Appellant.          :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643803-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Yasmine M. Hasan, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender and John T. Martin, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Isaiah Young appeals the indefinite sentence imposed upon his conviction for kidnapping, a qualifying offense under the Reagan Tokes Law. Because we have addressed and overruled Young's arguments brought in this appeal

in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (en banc), we affirm the judgment of the trial court.

{¶ 2} On February 27, 2020, Young appeared before the trial court for a sentencing hearing. He previously entered into a plea bargain with the state of Ohio, entering pleas to six felony charges, including aggravated burglary, aggravated robbery, felonious assault, and kidnapping. These crimes are all qualifying felony offenses under the Reagan Tokes Law and subjected Young to receiving an indefinite prison sentence.

{¶ 3} Prior to the imposition of sentence, Young objected to the Reagan Tokes Law, arguing that it was unconstitutional. The trial court overruled his objection and imposed an aggregate sentence of 9 to 13½ years, which comprised of a sentence of 6 years in prison for one count of aggravated burglary, 7 years in prison for one count of aggravated robbery, 5 years in prison for each of the three counts of felonious assault, and 9 to 13½ years for one count of kidnapping. The trial court ordered all the counts to run concurrently for an aggregate sentence of 9 to 13½ years imprisonment.

{¶ 4} Young's sole assignment of error reads, "As amended by the Reagan Tokes Act, the revised code's sentences for first- and second-degree qualifying felonies violates the constitutions of the United States and the State of Ohio." Young specifically argues that the Reagan Tokes Law violates 1) his constitutional right to trial by jury, 2) the constitutional separation-of-powers doctrine, and 3) the constitutional right to due process. He makes no other argument as to the propriety

of his sentence.  In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court overruled the same arguments Young brings in this appeal. The sole assignment of error is overruled.

{¶ 5} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
LISA B. FORBES, J., CONCUR


N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).